UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

ROBERT MACKE,

    Plaintiff,

v.

HT AIRSYSTEMS OF FLORIDA LLC.,
A Foreign Limited Liability Company

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT MACKE ("Macke" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, HT AIRSYSTEMS OF FLORIDA LLC, A Foreign Limited Liability Company ('HT" or "Defendant") and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") and Florida's Whistleblower Act, at Section 448.102(3), Florida Statutes ("FWA") to recover from Defendant unpaid overtime compensation, back pay, front pay, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, punitive damages, and any other damages permitted by law.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff was an employee who performed services on behalf of Defendant in Orange County, Florida.

3. Defendant is a Foreign Limited Liability Company located in Orange County, Florida and which at all times relevant, performed work in Orange County, Florida.

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") as to the federal claims, and this court has supplemental jurisdiction over the FWA claims as they arise out of a continuing series of illegal activities committed by Defendant and involving Plaintiff's employment.

5. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Orange County, Florida.

## **FLSA AND FWA COVERAGE**

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Based upon information and belief, the annual and gross revenue of Defendant

was in excess of $500,000.00 per annum during the all times relevant.

11. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as air conditioning equipment and tools.

12. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant in that Defendant could not operate its business without air conditioner service technicians like Plaintiff.

13. Defendant, at all times material to this Complaint, employed in excess of ten (10) or more employees during Plaintiff's employment, and is a covered employer as defined by FWA.

## STATEMENT OF FACTS

14. Defendant, HT AIRSYSTEMS OF FLORIDA LLC, operates a nationwide air conditioning services business.

15. Plaintiff worked as a non-exempt air-conditioning service technician for Defendant from April 16, 2018, until his termination on April 21, 2020.

16. Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

17. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

18. Plaintiff was not exempt from overtime under the FLSA and should have been paid his full and proper overtime compensation.

19. Throughout Plaintiff's employment, he regularly worked in excess of forty (40) hours per week but was not paid time-and-a-half for all hours worked per week in excess of forty (40).

20. Plaintiff had no authority to hire or fire employees of HT.

21. Plaintiff had no authority to discipline employees of HT.

22. Plaintiff had no authority to determine the schedules to be worked by any employees of HT, or to change their schedules.

23. Plaintiff had no authority to set rates of pay for other employees or agents of HT.

24. Plaintiff had no input into performance reviews of other employees or agents of HT.

25. Plaintiff was always closely monitored by HT's managers and supervisors.

26. Plaintiff followed procedures established by HT and did exactly as he was instructed to do.

27. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

28. Defendant paid Plaintiff a weekly salary.

29. Defendant wrongly and improperly classified Plaintiff as an exempt salaried employee.

30. Plaintiff regularly worked between fifty (50) and sixty (60) or more hours per workweek for Defendant.

31. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

32. When Plaintiff worked more than forty (40) hours in each work week, Defendant failed to properly pay him for all overtime hours worked.

33. At all times relevant, Defendant failed to keep and maintain accurate records of all hours worked by Plaintiff.

34. On or about October 2019, Defendant began paying all newly hired air-conditioning service technicians on an hourly basis, while Plaintiff and others similarly situated remained misclassified as salaried workers.

35. On or about December 18, 2019, Plaintiff emailed his General Manager, Kirk Patton, with concerns that Plaintiff is not getting paid overtime for his hours over forty (40) worked each workweek. *See* email attached as Exhibit A.

36. Plaintiff, on several occasions, objected to one or more of Defendant's Managers and/or Supervisors that Defendant's failure to properly compensate him for his overtime hours worked violated the FLSA.

37. On several occasions, Plaintiff asked his Managers and Supervisors about overtime pay owed to him for all hours worked over forty (40) per workweek during his tenure.

38. In early January 2020, Plaintiff and another misclassified salaried air conditioner service technician, were called into a meeting with Human Resource managers, Defendant's General Manager, Plaintiff's immediate Supervisor, and the President of the company, to notify them that they would be changing their pay from salary to hourly, starting on May 1, 2020.

39. During the meeting, Plaintiff complained formally to the Human Resource managers, Defendant's General Manager, Plaintiff's immediate Supervisor, and the President of

the company, regarding the company's continued failure to compensate him at the appropriate overtime rate.

40. Pursuant to the FLSA, Plaintiff's above-noted objections were "protected activity." *See* 29 U.S.C. § 215(a)(3).

41. Defendant's managers informed Plaintiff once again that they would investigate and get back to him.

42. On April 1, 2020, Plaintiff received a memo from the General Manager of Service, Kirk Patton, confirming Plaintiff's change of pay method from salary to hourly. *See* Memo attached as Exhibit B.

43. Immediately upon receiving the pay change memo on April 1, 2020, Plaintiff emailed his managers and supervisors asking several questions about the new pay method, including questions about overtime pay. *See id.*

44. Additionally, in this same e-mail, Plaintiff objected to the managers and supervisors to being required to work in the field without being issued provided with any Personal Protection Equipment ("PPE") against the COVID-19 virus. *See* email attached as Exhibit C.

45. As you are aware, the Occupational Safety and Health Administration's ("OSHA's") PPE standards requires using gloves, eye, face, and respiratory protection when job hazards warrant them. As Plaintiff was expected to constantly travel to public places, including hospitals, during the COVID-19 pandemic, it is clear that PPE was warranted, but was not provided. *See* 29 C.F.R. §1910.132 *et al*.

46. Additionally, OSHA's General Duty Clause requires an employer to provide its

employees with a safe workplace free of recognizable hazards. This includes having providing PPE to at-risk workers and not subjecting employees to hazardous or unsafe conditions. *See* 29 U.S.C. §654(5)(a)(1).

47. Plaintiff's objections to the foregoing and unsafe work practices in violation of OSHA regulations, as well as his objections to Defendant illegal pay practices, constitute protected activity pursuant to Section 448.102(3), Florida Statutes.

48. Approximately three (3) weeks later, Defendant informed Plaintiff that it had terminated Plaintiff's employment, effective immediately, and without reason.

49. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA as well as concerns that the company did not provide the proper PPE to Plaintiff during the COVID-19 virus epidemic.

50. Under Florida law, terminating an employee for objecting to a violation of law, rule, or regulation, or the employee's reasonable belief that said conduct violates same, is a violation of the FWA. See Aery v. Wallace Lincoln–Mercury, LLC, 118 So.3d 904, 916 (Fla. 4th DCA 2013) (To establish a violation of the Florida Whistleblower law, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice, or what he reasonably believed to be illegal; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal). All of the above elements are met here.

51. There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to Defendant's illegal pay practices and, and his termination.

52. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

53. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe financial loss, due the fact that most businesses are closed and/or not hiring at this time due to the COVID-19 virus epidemic.

54. Furthermore, Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

55. Defendant violated Title 29 U.S.C. §207 in that:

   (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant.

   (b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   (c) Defendant failed to maintain proper time records as mandated by the FLSA.

56. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

57. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate

whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

58. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

59. Based on the allegations above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices followed in compliance with the FLSA.

60. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

61. Plaintiff reincorporates and re-alleges paragraphs 1 through 58, above, as though fully set forth herein, and further alleges as follows:

62. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

63. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

64. Plaintiff was not an exempt employee as defined by the FLSA, regardless of Defendant's subjective beliefs or misclassification.

65. As a result of Defendant's intentional, willful, and unlawful acts in refusing to

pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

66. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a.    Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c.    Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Award Plaintiff pre-judgment interest; and

    f.    Order any other and further relief that this Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

67. Plaintiff reincorporates and re-alleges Paragraphs 1 through 58, above, as though set forth fully herein, and further alleges as follows:

68. Plaintiff objected to Defendant's illegal pay practices on or about December

2019, January 2020, and April 1, 2020, and asserted violations of the FLSA.

69. On April 21, 2020, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

70. Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices.

71. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

72. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

73. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §215(a)(3), that the acts and practices

complained of herein are in violation of the FLSA;

b. Awarding Plaintiff lost/back wages since the date of his termination;

c. Awarding Plaintiff liquidated damages in an amount equal to the back wages award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## COUNT III
## UNLAWFUL RETALIATION IN VIOLATION OF Fla. Stat. §448.102(3)

74. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-51 of the Complaint as if fully set forth herein.

75. In June 2018, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102 (3), Florida Statutes.

76. Plaintiff's employment was terminated for no reason other than Plaintiff objecting to illegal activity, or what he reasonably believed to be illegal activity in violation of Section 448.102(3), Florida Statutes.

77. Plaintiff objected to a violation of a law, or what he reasonably believed to be a violation of law, and was terminated as a direct result of same, which constitutes a violation of the FWA.

78. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 6th day of May 2020.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*